1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net
2  (for filings only)
   YAGMAN + REICHMANN, LLP
3  333 Washington Boulevard
   Venice Beach, California 90292-5152
4  (310) 452-3200

5  Attorneys for Plaintiff & Putative
   Class Members
6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

**C.E. MEDEL**,

    Plaintiff,

v.

**DARREN ARAKAWA, GIL HURTADO, MARIA DAVILA, MARIA del PILLAR AVALOS, AL RIOS, JOSHUA BARRON, GILBERTO VARELLA,** and **10 UNKNOWN, NAMED DEFENDANTS,**

    Defendants.

**COMPLAINT**

**CLASS ACTION ALLEGATIONS**

**DEMAND FOR JURY TRIAL**

Judge

Plaintiff makes the following allegations in support of the this complaint:

**JURISDICTION AND VENUE**

1. Plaintiff asserts his federal claims, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of these federal claims.

//

1

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Southgate , and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff is a person who has been subjected to Southgate Police Department ("SPD") police brutality and thuggery, and defendants are the chief of police, in both his individual and official capacities, mayor and city council members, in their official capacities only, police officer**,** in their individual capacities only, police officer Varella, and **10 UNKNOWN, NAMED DEFENDANTS**.

4. Defendants, each and all are sued in *both* their individual and official capacities, but only in their official capacities for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued only in their official capacities.

5. Plaintiff is a person who was brutalized and subjected to thuggery and subjected to constitutional violations at the hands of defendants.

6. Defendants and each of them played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies and customs of the SGPD, and their unconstitutional policies, practices, procedures, and customs were the moving forces behind the constitutional violations inflicted on plaintiff.

**ALLEGATIONS COMMON TO EACH COUNT**

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were louche, and done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive, and/or intent, in disregard of the clearly-established rights of plaintiff, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

    9. On or about Jan. 20, 2023, Defendant officer Varella unlawfully used excessive force against plaintiff and assaulted, battered, and harassed plaintiff, by sicing his police dog on plaintiff, without sufficient facts or legal cause to do so, then not calling off the dog, and encouraging the dog to further attack plaintiff, thereby inflicting on plaintiff serious physical and emotional injuries.

    10. Defendant police chief Arakawa, as the supervisory officer responsible for the conduct of defendant Varella, is liable for his failure to take corrective action with respect to police personnel, whose vicious propensities were notorious, and to assure proper training and supervision of the personnel, and to implement meaningful procedures to discourage lawless official conduct. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

    11. As a result of the misconduct hereinbefore described, plaintiff experienced humiliation, emotional distress, pain, and suffering, and was otherwise damaged. He was also severely physically injured as a result of conduct alleged.

    12. The abuse to which plaintiff was subjected was inflicted as the result of and was caused by the institutionalized practice of the SPD, which was known to, and ratified by the non-police defendants, with those defendants having at no time

taken any effective action to prevent SPD personnel from continuing to engage in such abhorrent misconduct.

13. Defendant Arakawa and the supervisor defendants, all ratified, condoned, approved of, acquiesced in, authorized, tolerated, and were the moving forces behind the institutionalized practices, and all of the misconduct hereinbefore detailed, by:

a. Failure to properly discipline, restrict, and control police employees;
b. Failing to take adequate precautions in the hiring, promoting, and retention of police personnel, including Varella;
c. Failing to forward to the office of the District Attorney of Los Angeles County evidence of criminal acts committed by police personnel;
d. Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints/grievances of police misconduct, but instead failing to respond to such complaints, or responding to such complaints with misused bureaucratic power and official denials calculated to mislead the public. This conduct constitutes gross negligence under state law;
e. Failing to remedy the unconstitutional conditions;

14. As a consequence of the abuse of authority detailed above, plaintiff sustained damages hereinbefore alleged.

15-68. Reserved.

## COUNT ONE
(Against All Defendants, 42 U.S.C. § 1983)

69. Plaintiff realleges specifically the allegations set forth in above averments, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983, for violation of plaintiff's First, Fourth, and Fourteenth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, arrests, and excessive force.

4

70. Defendants police chief, mayor, and city council members are responsible for the constitutional violations set forth in averment 69 and for the violations committed by defendant Varella, because they set the policies and accepted the customs of the SPD, among which were unconstitutional, brutalizations, nd plaintiff herein was subjected to such brutalization and thuggery.

**COUNT TWO**
(Against Defendants Police Chief, Mayor, and Council Members, Under Sec. 1983, *Monell*)

71. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, *s*]*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) [prosecuted by plaintiff's counsel herein]." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001).

72. Defendants police chief, mayor and council members are liable to plaintiff because they had and have, and foster, policies, practices, procedures, and customs of First, Fourth, and Fourteenth Amendment violations by members of SPD, which policies, in violation of the these Amendments, were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, because that practice was a moving force that caused the violations of the plaintiff's rights as alleged herein.

73-82. Reserved.

**CLASS ACTION ALLEGATIONS**

83. Plaintiff is a member of four classes, whose defining characteristics are that they are persons who were subjected to First, Fourth, and Fourteenth Amendment violations, at the hands of defendants, by being subjected to unreasonable force at the hands of police.

84. The Class contains approximately at least 1,00 people, so that the class each is so numerous so that joinder of all members is impracticable.

85. There are only common questions of fact and of law with respect to all class members of each class.

86. The claims made by the representative party of each class, plaintiff, are typical of the claims of each class member.

87. The representative of the class, plaintiff, more than fairly, vigorously, and zealously will represent and adequately protect the interests of all class members, both themselves and through their very zealous attorney.

88. Prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes.

89. Defendants have acted and will continue to act on grounds generally applicable to every class member in both classes, and the class questions not only predominate but are the only questions that exist, and this action is the far superior manner to other available methods for fairly and efficiently adjudicating the controversies.

90. The class members' interests in individually controlling the prosecution or defense in separate actions do not exist, and there are no anticipated difficulties in managing this class action, especially as to identification of the amount of damages, identification of class members, and providing actual notice to virtually all class members.

91. Therefore, this action is maintainable under Fed. R. Civ. P. Rule 23(a), & 23(b)(1)(A),(B)(1), (2), and (3).

92. The nature of the notice to be provided to class members would be decided by the court.

93. The definition of the class is set forth hereinabove.

**WHEREFORE**, plaintiff requests relief on behalf of himself and on behalf of each class member against each defendant as follows:

1. Compensatory damages $1,000,000;

2. Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $10,000,000 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

### YAGMAN + REICHMANN, LLP

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**